# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY NELSON NIXON,<br><br>   Petitioner,<br><br>   v.<br><br>STU SHERMAN,<br><br>   Respondent. | Case No.  1:14-cv-00525-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE PETITION<br>(ECF No. 22) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent is the Acting Warden of the California Substance Abuse Treatment Facility, and he is represented in this action by Brian Smiley, Esq., of the Attorney General of California.

**I.**

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California Substance Abuse Treatment Facility in Corcoran, California. Petitioner challenges his 2005 conviction in Kern County Superior Court for Failure to Register as a Sex Offender.  (Pet. at 1, ECF No. 1).[1]  On May 30, 2007, the California Court of Appeal

---

[1] Page numbers refer to the ECF page numbers.

1

Fifth Appellate District affirmed the judgment. (LD[2] 2). Petitioner's petition for review in the California Supreme Court was denied on August 8, 2007. (LD 3-4).

Petitioner filed several collateral challenges in the state courts that challenged his conviction. On August 14, 2012, Petitioner filed his first petition for writ of habeas corpus in the Kern County Superior Court. (LD 5). The Superior Court denied the petition on October 4, 2012. (LD 6). Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District on January 6, 2013. (LD 7). The petition was denied by the Fifth Appellate District on July 23, 2013. (LD 8). On August 12, 2013, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 9). The petition was denied on November 13, 2013. (LD 10). On February 20, 2014, Petitioner filed another petition for writ of habeas corpus in the Kern County Superior Court. (LD 11). The petition was denied on April 26, 2014. (LD 12).

On January 20, 2014, Petitioner filed the instant petition for writ of habeas corpus in the Northern District of California. (ECF No. 1). On April 14, 2014, the petition was transferred to this Court. (ECF No. 8). On August 8, 2014, Respondent filed a motion to dismiss the petition. (ECF No. 22). On September 2, 2014, and September 4, 2014, Petitioner filed oppositions to the motion to dismiss. (ECF No. 26 and 27). On November 7, 2014, Respondent filed a reply to Petitioner's opposition. (ECF 33).

## II.

## DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

---

[2] "LD" refers to the documents lodged by Respondent on August 15, 2014, in support of his motion to dismiss.

(using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Harrison v. Galaza, 1999 WL 58594 (N.D. Cal. 1999) (using Rule 4 to review motion to dismiss for statute of limitations violation).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2254(d)(1)'s one-year limitations period.  The Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4, because Respondent has not yet filed a formal answer.

**B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  See Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the instant Petition was filed on January 20, 2014, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the Petitioner's petition for review in the California Supreme Court was denied on August 8, 2007. (LD 4). The time to seek direct review ended on November 6, 2007, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year limitations period commenced running the following day, November 7, 2007, and absent statutory tolling, was set to expire on November 6, 2008. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28, United States Codes, Section 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely filed or was filed within a reasonable time under state law. Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo, 544 U.S. 408 (2005). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Chavis, 546 U.S. at 198.

In this instance, as Petitioner did not file his first state habeas petition until August 14,

4

2012, Petitioner did not file any state collateral actions within the limitations period. Therefore, no statutory tolling is available pursuant to 28 U.S.C. § 2244(d)(2), and absent equitable tolling, the petition filed on January 20, 2014, is untimely.

**D.    Equitable Tolling**

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010); Pace, 544 U.S. at 418. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Thus, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

In order for a petitioner to receive the benefit of equitable tolling based on mental impairment, he must show that his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either (a) he was unable rationally or factually to understand the need to timely file, or (b) he was rendered unable personally to prepare and file a habeas petition. Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). A petitioner can show that he was diligently pursuing his claims by showing that "the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." Bills, 628 F.3d at 1100. Therefore, a petitioner's mental illness must be the but-for cause of the petitioner's delay in filing. Lawrence v. Florida, 549 U.S. 327, 337 (2007).

While the Court has reviewed all of the evidence about Petitioner's mental health, the Court's analysis will focus on the relevant time period during which the statute of limitations ran, November 7, 2007, through November 6, 2008 (hereinafter "relevant time period"). If the Court were to find that Petitioner was entitled to equitable tolling during the period of time that the statute of limitations was running, the Court would then focus on the entire time period for which

5

1 Petitioner seeks equitable tolling, which is from the start of the statute of limitations period,
2 November 7, 2007, through the date Petitioner filed his first state habeas petition, August 14,
3 2012. See Laws v. Lamarque, 351 F.3d 919, 922-23 (9th Cir. 2003).

4 Petitioner argues that he is entitled to equitable because he has low cognitive functioning
5 as the result of a traumatic brain injury that he suffered in 2003. (Opp'n at 2-3). In support of
6 his argument that he has low cognitive functioning, Petitioner asserts that his global assessment
7 of functioning (GAF) score was 58 on January 5, 2006.[3] (Opp'n, Ex. D). Petitioner claims that
8 there is a gap in the mental health records that he presents to the court, because another inmate at
9 Chowchilla State Prison promised to help him with his case, and removed the progress notes and
10 exhibits from the time period that the statute of limitations was running. Petitioner claims that he
11 has memory problems, that he is illiterate, and that he depends on others for daily activities.
12 (Opp'n at 2). Respondent has submitted a copy of Petitioner's mental health record, including
13 the relevant time period prior to the expiration of the statute of limitations. (Reply, Ex. A, ECF
14 No. 32).

15 Petitioner's mental health records indicate that during the relevant time period, he did not
16 suffer from a mental disorder of a severity that would have prevented him from filing a timely
17 federal petition. (Reply, Ex. A). Although Petitioner participated in the mental health treatment
18 program, he only participated in the Correctional Clinical Case Management System (CCCMS)
19 levels of care, which is the lowest level of treatment within the California Department of
20 Corrections and Rehabilitation. See California Department of Corrections and Rehabilitation
21 Mental Health Program Guide at www.cdcr.ca.gov/DCHCS/Mental_Helath_Program.html;
22 Reply, Ex. A. During the relevant time period, Petitioner's GAF score was 60 or above, and

---

[3] A GAF is a report of a clinician's judgment of the individual's overall level of functioning that is used to plan treatment and to measure the impact of treatment as well as to predict its outcome. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* at 32 (4th ed., text revision) (DSM–IV–TR). A GAF within the range of 51 through 60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). A GAF within the range of 61 and 70 indicates a person with some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but who is generally functioning pretty well and with some meaningful interpersonal relationships. DSM–IV–TR at 34.

although he was diagnosed with depression, there was no evidence of urgent or emergent mental health issues. (Reply, Ex. A).

The notations in Petitioner's file indicate that his behavior was within normal limits during the relevant time period. (Id.). Specifically, Douglas Lisle, Ph.D., wrote in a brief mental health evaluation dated April 17, 2008, that Petitioner was within normal limits for his present mental status, except for cognition, which he wrote, "says impaired." (Reply, Ex. A, ECF NO. 32-1 at 13). In Petitioner's March 4, 2008, psychiatric evaluation, Dr. D.M. Risley concluded that Petitioner had a depressive disorder, but felt that his "low cognitive function is grossly and poorly exaggerated. Therefore, a diagnosis of cognitive function will be removed from the diagnostic list." (Reply, Ex. A, ECF No. 32-1 at 17). In his annual mental health placement chrono dated July 21, 2008, Petitioner was included in Mental Health Services Delivery System for medical necessity, placed in the CCCMS, and had a GAF of 60. (Reply, Ex. A, ECF No. 32-2 at 41).

Furthermore, in an interdisciplinary progress note dated April 9, 2014, Dr. Kevin Marmolejo, MD, wrote that Petitioner stated, "I am not in mental health. I don't take medication. Look at my artwork, do you think someone who is DD2 can do work like this? I am getting ready to go home, you guys are trying to mess me up and make me go to department of mental health. I am not going." (Reply, Ex. A, ECF No. 32-8 at 45). Although Petitioner did not make this statement during the relevant time period, it leads credence to the view that his cognitive disorder is suspect. On April 14, 2014, Petitioner's Developmental Disability Program Screening resulted in a DD2 classification, which is the middle of the developmental disability program and is when a prisoner requires occasional prompts to initiate/complete activities of daily living. (Reply, Ex. A, ECF No. 32-2 at 9).

Petitioner also asserts that he should be entitled to equitable tolling because he was found incompetent during the pre-trial stages of his 2004 charge for failure to register. First, any competency during 2004 and 2005 does not bear on the relevant time period. Second, Dr. Norman A. Kerbel noted in his March 23, 2005, court report, that Petitioner was restored to competency and that Petitioner was malingering his memory problems and cognitive difficulties.

(Reply, Ex. A, ECF No. 32-3 at 17-21).

Petitioner's claims of mental impairment affecting his ability to file the instant federal habeas petition are belied by the fact that Petitioner filed two inmate appeals during 2009 and 2010, and he filed two state habeas petitions regarding conditions of confinement in 2010. (Reply, Exs. B and C). See Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) (equitable tolling not available when petitioner repeatedly sought administrative and judicial remedies including three state habeas petitions). Petitioner's argument that he relies on others to file his legal matters is not sufficient to warrant equitable tolling. A petitioner who relies on a third party to assist him retains the "personal responsibility of complying with the law." Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010). Petitioner voluntarily utilized inmate assistants to prepare his filings, and Petitioner has not shown that he was unable to personally prepare and file a habeas petition. Equitable tolling is not justified by an inmate assistant's ignorance of the law. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (finding ignorance of the law does not constitute extraordinary circumstances).

Therefore, Petitioner's mental health records from the relevant time period show that Petitioner did not suffer from a mental impairment which caused him to not rationally or factually understand the need to timely file, or which rendered him unable personally to prepare and file a habeas petition. See Bills, 628 F.3d at 1097. As Petitioner has not shown that an extraordinary circumstance stood in his way and that he has been pursuing his rights diligently, he is not entitled to equitable tolling. See Pace, 544 U.S. at 418.

## IV.

## FINDINGS AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

(1) Respondent's motion to dismiss be GRANTED;

(2) The instant petition for writ of habeas corpus be DISMISSED with prejudice as untimely.

This Findings and Recommendation is submitted to the assigned United States District

8

Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 5, 2014**

UNITED STATES MAGISTRATE JUDGE