1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11 | JOHNNY NELSON NIXON,

12 | Petitioner,

13 | v.

14 | STU SHERMAN,

15 | Respondent.

16

17

Case No.  1:14-cv-00525-LJO-SAB-HC

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**ORDER GRANTING PETITIONER'S SECOND MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS**

(ECF Nos. 37 and 38)

18       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.  On January 26, 2015, Petitioner filed a motion for appointment of

20 counsel.  (ECF No. 37).  On February 2, 2015, Petitioner filed a motion for a sixty-day extension

21 of time to file objections and again requested that the Court appoint counsel.  (ECF No. 38).

22                                                    **I.**

23                                            **DISCUSSION**

24       There currently exists no absolute right to appointment of counsel in habeas proceedings.

25 See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d

26 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment

27 of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules

28 Governing Section 2254 Cases.  The court should consider the likelihood of success on the

1

1   merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of

2   the legal issues involved.  See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

3          Petitioner argues that counsel should be appointed because of his low cognitive function.

4   However, as stated in the Court's December 5, 2014, Findings and Recommendation, "On April

5   14, 2014, Petitioner's Developmental disability Program Screening resulted in a DD2

6   classification, which is the middle of the developmental disability program and is when a

7   prisoner requires occasional prompts to initiate/complete activities of daily living."  (ECF NO.

8   34 at 7).  Furthermore, Petitioner, aided by inmate assistants, has coherently stated his arguments

9   in his filings to the Court.  Therefore, Petitioner has not demonstrated that he actually has low

10  cognitive functioning that renders him unable to articulate his claims unassisted by counsel.

11         It also appears that Petitioner argues that counsel should be appointed because of the

12  limited time he has available to access the prison law library.  While limited access to the law

13  library may be grounds for equitable tolling, it does not entitle Petitioner to the appointment of

14  counsel.  When a petitioner proceeding with a petition for writ of habeas corpus has a "good

15  understanding of the issues and the ability to present forcefully and coherently his contentions,"

16  then no attorney is required.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (citing Bashor

17  v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d

18  77 (1984)).  Although Petitioner claims that the law library has limited access, he has been able

19  to coherently and forcefully present his arguments to this Court.  Therefore, in the present case,

20  the Court does not find that the interests of justice require the appointment of counsel at the

21  present time.

22         Petitioner also requests a sixty day extension of time to file objections to the Findings and

23  Recommendation, because one computer in the law library is presently inoperable and he has

24  limited access to the law library.  The Court will grant Petitioner until April 6, 2015, to file

25  objections to the Findings and Recommendation.

26  ///

27  ///

28  ///

2

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.   Petitioner's motion for appointment of counsel is DENIED, and

2.   Petitioner is GRANTED until April 6, 2015, to file objections to the December 5, 2014, Findings and Recommendation.

IT IS SO ORDERED.

Dated:   **February 4, 2015**

UNITED STATES MAGISTRATE JUDGE

3